## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES HOOSE, on behalf of himself and all other similarly situated stockholders of GenVec, Inc.,<br><br>     Plaintiff,<br><br>  v.<br><br>GENVEC, INC., WAYNE T. HOCKMEYER, WILLIAM N. KELLEY, STEFAN D. LOREN, QUINTEROL J. MALLETTE, MICHAEL RICHMAN, MARC R. SCHNEEBAUM, DOUGLAS J. SWIRSKY, INTREXON CORPORATION, AND INTREXON GV HOLDING, INC.,<br><br>     Defendants. | Civ. No.  8:17-cv-00987-PWG |

### STIPULATION OF DISMISSAL AND [PROPOSED] ORDER

**WHEREAS**, the Plaintiff filed the above-captioned action (the "Action") challenging the public disclosures made in a preliminary proxy statement filed with the United States Securities Exchange Commission ("SEC") in connection with proposed merger between GenVec, Inc. and Intrexon Corporation (the "Proposed Transaction");

**WHEREAS**, the Action asserts claims for violations of sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by the Defendants;

**WHEREAS**, Defendants agreed to supplement the proxy statement with certain additional information relating to the Proposed Transaction that addresses and moots all claims asserted in this action (the "Supplemental Disclosures");

**WHEREAS**, Plaintiff's Counsel believes they may assert a claim for a fee in connection with the prosecution of the Action and the issuance of the Supplemental Disclosures and have

informed the Defendants of their intention to petition the Court for such a fee if their claim cannot be resolved through negotiations between counsel for the Plaintiffs and the Defendants (the "Fee Application");

**WHEREAS**, all of the Defendants in the Action reserve all rights, arguments and defenses, including the right to oppose any potential Fee Application;

**WHEREAS**, no class has been certified in the Action;

**WHEREAS**, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to the Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application or award;

**WHEREAS**, the Defendants have previously denied and continue to deny any wrongdoing and contend that no claim asserted in the Action was ever meritorious;

**NOW, THEREFORE**, upon consent of the parties and subject to the approval of the Court:

**IT IS HEREBY ORDERED** this _____ day of _____ 2017 that:

1. The Action is dismissed, and all claims asserted therein are dismissed with prejudice as to the Plaintiff only. All claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to the Plaintiffs only, and not on behalf of a putative class, notice of this dismissal is not required.

3. The court retains jurisdiction of the Action solely for the purpose of determining the Plaintiffs' forthcoming Fee Application, if such Fee Application becomes necessary.

4. This Order is entered without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application.

5. To the extent that the parties are unable to reach an agreement concerning the Fee Application, they may contact the Court regarding a schedule and hearing to present such application to the Court.

6. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding the Plaintiffs' Fee Application at a time convenient to the Court.

7. If the Parties reach an agreement concerning the Fee Application, they will notify the Court. Upon such notification, the Court will close the Action.

Dated: June 19, 2017                                **LEVI & KORSINSKY LLP**

By:   /s/ Donald J. Enright
       Donald J. Enright
       1101 30th Street, N.W., Suite 115
       Washington, DC 20007
       Tel: (202) 524-4290
       Fax: (202) 337-1567
       denright@zlk.com

       *Attorneys for Plaintiff*

**HOGAN LOVELLS US LLP**

Dated June 20, 2017            /s/ Scott R. Haiber
       Scott R. Haiber (Bar No. 25947)
       Steven F. Barley (Bar No. 10049)
       Marc Marinaccio (Bar No. 29133)
       100 International Drive
       Suite 2000
       Baltimore, MD 21202
       (410) 659–2700

|  |  |
|---|---|
|  | (410) 659-2701 (fax) |
|  | *Counsel for the GenVec Defendants* |
|  | **THOMPSON HINE LLP** |
| Dated June 20, 2017 | /s/ David A. Wilson<br>David A. Wilson (Bar No. 012990)<br>1919 M Street NW<br>Suite 700<br>Washington, DC 20036<br>(202) 263–4161<br>(202) 331-8330 (fax) |
|  | *Counsel for the Intrexon Corporation and Intrexon GV Holding, Inc.* |

SO ORDERED this _____ day of _____, 2017

_____
UNITED STATES DISTRICT JUDGE